(Pleito No. 148.—Fallado el 21 de Septiembre de 1901.)

## Classen contra Beltrán.

Recurso contra resolución de la Corte de Distrito de Arecibo.

Hijos naturales. El hijo natural puede ser reconocido por el padre ó la madre conjuntamente, ó por uno de ellos. El reconocimiento de un hijo natural deberá hacerse en el acta de nacimiento, en testamento ó en otro documento público. Tratándose de un menor reconocido por la madre en el acta de nacimiento como hijo legítimo suyo, competen á aquélla sobre éste todos los derechos inherentes á la patria potestad, á menos que no se pruebe que la persona que hizo tal reconocimiento carecía de capacidad legal para contraer matrimonio al tiempo de la concepción.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veinte y uno de Septiembre de mil novecientos uno, en los autos de jurisdicción voluntaria seguidos en el Tribunal del Distrito de Arecibo por Doña Tomasa Classen, sobre entrega de su hija Rosa Classen, que pende ante Nos, á virtud de recurso de casación por infracción de ley, interpuesto por dicha señora, cuya representación ha llevado ante este Tribunal Supremo el Licenciado Don Félix Santoni.—Resultando: Que en veinte y uno de Mayo último el abogado Don Félix Santoni á nombre de Doña Tomasa Classen, .vecina de Arecibo, presentó escrito ante aquel Tribunal de Distrito manifestando que la niña Rosa Classen era hija reconocida de su representada, según lo acredita con la certificación que acompañaba; que dicha niña se encontraba en la casa de Don José Beltrán sin razón alguna que justificara ni pudiera justificar su permanencia en ella, por lo que conforme con el artículo 154 del Código Civil, su representada tenía patria potestad sobre su hija, y conforme con el artículo 155 del propio Código, la prerrogativa de tenerla en su poder; y en su consecuencia ocurría al Tribunal en acto de jurisdicción voluntaria, solicitando se requiriera á Don José Beltrán para que le entregara á su representada su hija Rosa Classen, y de no hacerlo inmediatamente, se procediera por

quien correspondiera á la entrega inmediata.—Resultando: De la certificación del acta de nacimiento que se acompañó con la anterior instancia, expedida por el Juez municipal de Arecibo y suscrita por el Secretario del propio Juzgado, que á las tres de la tarde del día primero de Mayo de mil ochocientos noventa y cuatro había comparecido ante el Juez y Secretario, respectivamente, Tomasa Classen sin otro apellido, natural y vecina de aquella Villa, mayor de edad, de estado soltera, costurera, domiciliada en el barrio de San Felipe de aquella población, manifestando que solicitaba se inscribiera en el Registro Civil una hembra, y al efecto como madre de la misma declaraba que dicha hembra había nacido en la casa de la declarante el día veinte y cinco de Mayo anterior, á las diez de la noche; que era hija ilegítima de la declarante, y nieta por la línea materna de Rosa Classen, sin otro apellido, casada, natural y vecina de aquella Villa, y que á la expresada hembra se le había puesto el nombre de Rosa; y terminado el acto, se extendió el acta correspondiente, que suscribieron el Juez municipal y Secretario y los testigos presenciales, firmándola por la compareciente, que manifestó no saber escribir, Juan Ramón Mujica, vecino de aquella localidad.—Resultando: Que el Tribunal del Distrito, por providencia de veinte y uno del mismo mes de Mayo, declaró no haber lugar á lo solicitado, por no constar de la certificación presentada que la niña Rosa Classen fuera hija natural de la solicitante Doña Tomasa del mismo apellido, y que pedida reposición de esta providencia, fué desestimada por auto de veinte y cinco del citado mes de Mayo.—Resultando: Que contra este auto se interpuso por la representación de la promovente Doña Tomasa Classen, recurso por infracción de ley, autorizado por el artículo 1,821 de la Ley de Enjuiciamiento Civil, y como comprendido en el inciso 1º del artículo 1,690 de la propia ley, citando como infringidos:—1º El artículo 130 del Código Civil, por su inaplicación, por cuanto habiendo reconocido Tomasa Classen á su hija, se presume que ésta es natural

por el hecho de ser su madre soltera y mayor de edad, según la certificación del Registro, de donde se infería evidentemente que en época de la concepción tenía capacidad legal para contraer matrimonio, y que no habiéndose aplicado á este caso dicho artículo, había sido violado en la resolución judicial que motivaba el recurso.—2º. · El inciso 1º del artículo 83 del propio Código, que previene que las hembras mayores de doce años pueden contraer matrimonio, y de la certificación ameritada se infiere clara y evidentemente que Tomasa Classen tenía más de esa edad cuando concibió á su hija Rosa; y 3º El artículo 155 del propio cuerpo legal, de donde se desprende el derecho que tiene Tomasa Classen para reclamar á su hija, sin que obste para ello el expresar la certificación que la hija es ilegítima, porque ilegítimos son los hijos naturales, por el hecho de no ser legítimos, y porque el Código Civil trata "del reconocimiento de los hijos naturales" en el epígrafe "de los hijos ilegítimos."—Resultando: Que tramitado el recurso, se celebró la vista del mismo, sin asistencia del abogado defensor de la parte recurrente.—Visto: Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.— Considerando: Que con arreglo á los artículos 129, 130 y 131 del Código Civil, el hijo natural puede ser reconocido por el padre y la madre conjuntamente ó por uno sólo de ellos.—Que en el caso de hacerse el reconocimiento por uno sólo de los padres, se presumirá que el hijo es natural, si el que lo reconoce tenía capacidad legal para contraer matrimonio al tiempo de la concepción, y que el reconocimiento de un hijo natural deberá hacerse en el acta de nacimiento, en testamento ó en otro documento público.—Considerando: Que constando del acta de nacimiento de la niña Rosa Classen que fué reconocida como hija suya por Doña Tomasa del mismo apellido, y que ésta era en la fecha del acta mayor de edad y soltera, debe presumirse que dicha niña era hija natural de Doña Tomasa Classen, á tenor de lo que establece el artículo

130 del Código Civil, porque aun cuando ésta no hiciera
en el acta de que se trata, declaración alguna relativa
á la libertad en que se hallaba para contraer matrimonio,
consignándose como se consigna en ella que era de estado
soltera y no casada ni viuda, así debe estimarse, mientras no
se pruebe la falsedad de aquel documento público, y por
consiguiente que dicha señora tenía capacidad legal para
contraer matrimonio al tiempo de la concepción de su citada
hija, que es la única condición que exige el expresado
artículo del Código Civil para que pueda reputarse como
natural al hijo reconocido por el padre ó la madre separada-
mente.—Considerando : Que debiendo estimarse, por lo
tanto, como hija natural de Doña Tomasa Classen la niña
Rosa del mismo apellido, le competen á aquélla sobre ésta
todos los derechos inherentes á la patria potestad que define
el artículo 155 del Código Civil, entre ellos el de tenerlos en
su compañía, y que al no estimarse así, la Sala sentenciadora
ha incurrido en el error de derecho á que se refiere el
número 1º del artículo 1,690 de la Ley de Enjuiciamiento
Civil, é infringido las disposiciones legales que se citan
en los motivos primero y tercero del recurso.—Fallamos :
Que debemos declarar y declaramos con lugar el recurso de
casación interpuesto por Doña Tomasa Classen contra el
auto de veinte y cinco de Mayo último dictado por el
Tribunal de Distrito de Arecibo, con las costas en la forma
ordinaria. En su consecuencia, casamos y anulamos el
expresado auto y su concordante de quince del mismo mes,
debiendo el Tribunal de Arecibo disponer que se practique
el requerimiento pedido por Doña Tomasa Classen, proce-
diendo en todo con arreglo á derecho ; á cuyos efectos,
comuníquese esta resolución á dicho Tribunal, con devo-
lución de los originales que ha remitido.—Así por esta
nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo
pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia

por el Sr. Presidente del Tribunal Supremo Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario sustituto certifico, en Puerto Rico, á veinte y uno de Septiembre de mil novecientos uno.—Eugenio Alvarez, *Secretario sustituto.*